894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juanita L. TUCKER, Plaintiff-Appellant,
v.
Anthony M. FRANK, individually and as Postmaster General of
the United States, Defendant-Appellee.
 No. 89-1688.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Juanita L. Tucker, a Michigan resident, appeals pro se the denial of her motion to reinstate an action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000(e) et seq., and the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Tucker filed suit on May 27, 1988, against her employer, the Postmaster General, alleging denial of promotion and discipline based on her sex and age, and in retaliation for previous Equal Employment Opportunity filings. On October 26, 1988, the district court sua sponte dismissed the complaint for failure to prosecute, citing Fed.R.Civ.P. 4(j) and 41(b). Tucker did not receive this order due to an error in her mailing address. Upon learning that her suit had been dismissed in late February 1989, Tucker filed a motion to reinstate, arguing that she had served the complaint on the defendant. The district court construed the motion as one for reconsideration, and denied it based on untimely filing.
 
 
 3
 Upon consideration, we conclude that this motion should have been construed as a timely motion for relief from judgment under Fed.R.Civ.P. 60(b). Moreover, we find that the district court abused its discretion in denying the motion to reinstate, as its sua sponte dismissal was not proper under either Fed.R.Civ.P. 4(j) or 41(b), which require either notice to the plaintiff or a motion by the defendant. Defendant's argument that service was insufficient at any rate under Fed.R.Civ.P. 4(d)(4) and (5) is immaterial, as that defense is a personal one which the court could not raise sua sponte. See Fed.R.Civ.P. 12(h).
 
 
 4
 Accordingly, the district court's order is vacated and this case is remanded for further development consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.